IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY ASH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-01329-JPG |
| | ) |
| ANDY GARDEN, | ) |
| TROY REED, | ) |
| B. CARTER, and | ) |
| C. CARTER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Troy Ash, a *pro se* prisoner, filed this civil rights action asserting Marion County Jail staff refuse to follow the COVID-19 mask mandate and that the failure of the staff and other inmates to wear masks is negligence.[1] (Doc. 1, p. 6). He seeks monetary damages and a transfer. (*Id.*, p. 7).

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## Discussion

In order to survive preliminary review under § 1915A, a Complaint must contain "a short

---

[1] Plaintiff does not state whether he is a pretrial detainee or convicted prisoner. The Court notes, however, that he indicated he filed this action pursuant to 28 U.S.C. § 1331 (Federal Prisoner). (Doc. 1, p. 1). Because the Complaint is dismissed due to pleading deficiencies, Plaintiff's status is not a factor. However, if Plaintiff chooses to file a First Amended Complaint, he should state whether he was a pretrial detainee or convicted prisoner and whether he was in state or federal custody at the time of the alleged claims.

1

and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* , 550 U.S. 544, 547 (2007).  A plaintiff is required to associate specific defendants with specific claims, so that the defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *Id.* at 555.  Further, to hold an individual liable under § 1983, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right.  *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). Invoking a potential defendant's name by listing that defendant in the case caption is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Additionally, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001)

Here, Plaintiff does not mention any defendant by name in his statement of claim nor does he describe what each defendant did or failed to do to violate his constitutional rights.  Instead, he makes general allegations against "staff."  (Doc. 1, p. 6).  An allegation that a group of defendants violated a plaintiff's rights fails to comply with Rule 8 and *Twombly* pleading requirements.  Because Plaintiff fails to allege specific acts of wrongdoing by the individual defendants, the personal involvement requirement necessary for § 1983 liability is not met and the Complaint fails to state a claim against the defendants.  Accordingly, the Complaint will be

dismissed and Plaintiff will be given an opportunity to re-plead his claims.

### Request for Injunctive Relief

Subsequent to the filing of the Complaint, Plaintiff filed a motion seeking injunctive relief. (Doc. 11). A party seeking a temporary restraining order or preliminary injunction must make a threshold showing that: "(1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020). Plaintiff cannot show a reasonable likelihood of success on the merits where he has not stated a colorable claim against any defendant. The motion is, therefore, denied.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief and the Motion seeking injunctive relief (Doc. 11) is **DENIED**. Plaintiff is **GRANTED** leave to file a First Amended Complaint within 30 days of the date of this Order. The First Amended Complaint will be subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (21-1329-JPG). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the

relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He is required to identify the Doe Defendants as much as possible and at least distinguish between different Does (for example, John Doe # 1 did X and John Doe # 2 did Y). To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

**If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims.** Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 28, 2021**

<u>s/ J. Phil Gilbert</u>
**J. Phil Gilbert**
**United States District Judge**