IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY ASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-01329-JPG |
| ) | |
| ANDY GARDEN, ) | |
| TROY REED, ) | |
| CLAYTON CARTER, ) | |
| and B. CARTER, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the Amended Complaint filed by Plaintiff Troy Ash on January 12, 2022. (Doc. 13). Plaintiff is a federal pretrial detainee at Marion County Law Enforcement Center ("Jail"). In the Amended Complaint, he complains of poor ventilation, unmasked staff and inmates, and exposure to COVID-19. (*Id*. at 1-19). He seeks money damages and injunctive relief.[1] (*Id.* at 8).

The Amended Complaint is now subject to screening under 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff specifically requests repair of the ventilation system, enforcement of a mask mandate, and a transfer. (*Id*. at 8). The Court will treat his requests for relief as ones for relief *at the close of the case*. Should he require interim relief while this action is pending, Plaintiff is free to file a separate motion for a temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) or (b) at any time. In the motion, he should describe the exact relief he requires and set forth the facts that support each request for relief.

**Amended Complaint**

The Amended Complaint sets forth the following allegations (Doc. 13, pp. 6-7, 10-17):

First, Plaintiff complains of exposure to poor ventilation when he was housed in E Block, beginning July 24, 2021, and in C Block, starting on December 4, 2021.  The intake/output vents in both locations were covered in a thick black dust that irritated his eyes and caused him to cough and sneeze "constantly" while the air was blowing.  Plaintiff notified Sheriff Andy Garden and Jail Administrator Troy Reed about the issue in each cell block, but no action was taken to address the problem.  (*Id*.).

Second, Plaintiff complains about his transfer by Sergeant B. Carter into administrative segregation in B Block on December 16, 2021.  While there, he was exposed to the same conditions he endured in E Block and C Block.  In addition, the cell block doubled as a quarantine unit for new detainees arriving from the streets.  These detainees were not given masks, tested for COVID-19, or subject to any other precautionary measures used to prevent the spread of COVID-19.  As a result, Plaintiff faced constant exposure to carriers of the virus.  When Plaintiff filed a grievance with Jail Administrator Troy Reed to complain about these conditions on December 19, 2021, Sergeant Clayton Carter responded by providing Plaintiff with a mask and threatening to place him on lockdown if he was seen without it.  (*Id*.).

Finally, Plaintiff asserts that all four defendants violated the statewide mask mandate that took effect on September 6, 2021.  Neither the defendants nor any other staff members wore masks after the mandate went into effect.  They simply ignored it.  When Plaintiff raised the issue with the defendants, they brushed him off.  In doing so, they disregarded the risks posed to his health and safety by COVID-19 and its variants.  (*Id*.).

### Discussion

Based on the allegations summarized above, the Court designates three counts in the *pro se* Amended Complaint:

**Count 1:** Defendants Garden and Reed exposed Plaintiff to black dust and poor ventilation in E Block, beginning July 24, 2021, and in C Block, starting on December 4, 2021, resulting in "constant" eye irritation, coughing, and sneezing, in violation of the Fourteenth Amendment due process standard applicable to pretrial detainees.

**Count 2:** Defendants B. Carter, C. Carter, and Reed exposed Plaintiff to black dust, poor ventilation, and inmates in quarantine for COVID-19 in B Block beginning December 16, 2021, without taking precautionary measures to prevent illness, in violation of the Fourteenth Amendment due process standard applicable to pretrial detainees.

**Count 3:** Defendants Garden, Reed, B. Carter, and C. Carter disregarded the statewide mask mandate that went into effect on September 6, 2021, despite Plaintiff's requests, grievances, and/or complaints about the serious risks posed to his health and safety by COVID-19 and its variants, all in violation of the Fourteenth Amendment due process standard applicable to pretrial detainees.

**Any claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

The Court undertakes a two-part inquiry when considering a challenge to a pretrial detainee's conditions of confinement or medical care. *See Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018); *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). First, the Court examines whether the "defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case." *McCann,* 909 F.3d at 886 (citing *Miranda*, 900 F.3d at 353). Second, the Court asks whether each defendant's conduct was objectively reasonable based on

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

the totality of circumstances faced by the defendant. *Id*. When applying this analytical framework to each of Plaintiff's claims at screening, the Court finds that he has articulated Fourteenth Amendment due process claims against those defendants identified in connection with Counts 1, 2, and 3. Accordingly, all three claims shall receive further review against the defendants in their individual capacities.

Because Plaintiff also seeks injunctive relief, the Court will add an official capacity claim against Defendant Reed. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (when injunctive relief is sought, it is generally appropriate to name the government official who is responsible for carrying out the requested relief, in his or her official capacity); FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).[3] This defendant will be responsible for implementing any injunctive relief that is ordered in this case.

## Disposition

**IT IS ORDERED** that the Amended Complaint (Doc. 13) survives screening under 28 U.S.C. § 1915A and will receive further review against each of the below-listed defendants in their individual capacities, as follows:

- **COUNT 1** will proceed against **ANDY GARDEN** and **TROY REED**;

- **COUNT 2** will proceed against **B. CARTER, CLAYTON CARTER,** and **TROY REED**; and

- **COUNT 3** will proceed against **ANDY GARDEN, TROY REED, B. CARTER,** and **CLAYTON CARTER.**

**IT IS ORDERED** that **TROY REED** is also named as a defendant in his official capacity, and he shall be responsible for implementing any injunctive relief that is ordered.

---

[3] Federal Rule of Civil Procedure 21 states, in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 17(d) provides: "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

With regard to **COUNTS 1, 2,** and **3**, the Clerk of Court shall prepare for Defendants **TROY REED (individual and official capacity), ANDY GARDEN (individual capacity), B. CARTER (individual capacity),** and **CLAYTON CARTER (individual capacity)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 13), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/16/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.